## DANIEL GRIFFIN *v.* SHEPHERD C. KEITH.

The defendant's admission, that he had had certain goods, is sufficient evidence of delivery to maintain an action for the sale and delivery of the goods, although it appears that they were in fact delivered to some other person.

In an action for goods sold and delivered, it appeared that the goods were delivered to one B. K., upon the agreement that he should sell them as the accredited agent of the plaintiff, and return to him the goods unsold. The goods, however, were charged by the plaintiff, in his books, to the defendant, S. K. The plaintiff testified they were sold exclusively upon his credit. The bill was made out in his

name, and was presented to and admitted by him, and he agreed to return the unsold goods within a specified time, which agreement was not fulfilled.
*Held*, sufficient to sustain a recovery against him as principal debtor.

APPEAL by defendant from a judgment of the Marine Court. This was an action for goods sold and delivered. They were delivered to the brother of the defendant, but were charged to the defendant himself, the agreement between the parties being that the goods which were sold by the defendant's brother were to be paid for and the others were to be returned. It appeared by the testimony of one of the plaintiff's witnesses, that the defendant acknowledged that he had the goods in question, although it also appeared, by the cross-examination of the same witness, that the goods were in point of fact delivered to the brother. The defendant moved for a dismissal of the complaint, upon the ground: 1. That there was no evidence of a delivery of any of the goods to the defendant; and, 2. That there was no evidence of any written agreement of guaranty by the defendant, who, if liable at all, was only liable as guarantor. The motion was denied and judgment was rendered for the plaintiff. The evidence in the case, relating to the question of the defendant's indebtedness, sufficiently appears in the opinion of the court.

*W. Romaine*, for the appellant.

*Niles* and *Bagley*, for the respondent.

DALY, J.—The witness, Gleason, proved that the defendant acknowledged that he had the goods enumerated in the bill that was given in evidence. This rendered it unnecessary to prove that they had been delivered. He also proved that the prices charged in the bill were fair and reasonable. This was sufficient to entitle the plaintiff to maintain the action, and the motion for a dismissal of the complaint was properly denied.

It appeared that such portion of the goods as were not sold were to be returned, and that the plaintiff demanded the return of such as were not sold, and that Keith promised to return

them by the 1st of February, 1855; but it did not appear that any part of them had been returned: presumptively, therefore, the defendant, after the request made of him, was liable for the whole amount he had received.

There was nothing to show that the defendant's engagement was collateral, and that his brother was the principal debtor. The goods were charged, upon the plaintiff's books, to the defendant, except the item of November 4th ($45.18), which the justice appears to have disallowed; and the plaintiff swore that he never looked to Bezar Keith for payment, but to the defendant, and that he sold the goods on the credit and responsibility of the defendant; in corroboration of which, Gleason swore that the plaintiff said to the defendant, in the witness's presence, in a conversation respecting the gauges, which the defendant's brother had got: "You know it was on your own responsibility;" and that in the early part of January, 1855, the defendant admitted to the plaintiff, that the bill, which was made out, charging him with the goods, was correct. One witness swore, that the plaintiff said, when he was making arrangements for the sale of the gauges, that B. Keith was going to sell them as his agent, and that defendant would be responsible for them; and another witness testified, that he had heard the plaintiff say that he had a man selling these gauges. But this was not necessarily inconsistent with the truth of what had been sworn to by the other witnesses. It might be to the interest of all parties, that B. Keith should offer these articles for sale, as the accredited agent of the plaintiff. The conditions of sale, that they were not to be paid for unless sold, but if unsold were to be returned to the plaintiff, the whole or any part of them, rendered him in a certain sense but a kind of agent for their sale. The plaintiff, therefore, might very well say that B. Keith was to sell them as his agent, or that he had a man selling these gauges, as he had agreed, if they were not sold, to take them back again. He demanded their return or the return of what had not been sold, and the suit was not commenced until a month after the time when the defendant had promised to return what had not been sold. The defendant

had named his own time, and the plaintiff, after waiting a month beyond that time, was entitled to treat the sale as absolute, and insist upon payment. The judgment should be affirmed.